**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| APRIL DENISE WEST, | No. 13-15741 |
| Plaintiff - Appellant, | D.C. No. 2:12-cv-01542-NVW |
| v. | |
| CAROLYN W. COLVIN, Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Arizona
Neil V. Wake, District Judge, Presiding

Argued and Submitted June 10, 2015
San Francisco, California

Before: HAWKINS and WATFORD, Circuit Judges and RAKOFF,[**] Senior
District Judge.

April West ("West") appeals the district court's order upholding the final

decision of the Commissioner of the Social Security Administration

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Jed S. Rakoff, Senior District Judge for the U.S. District Court for the Southern District of New York, sitting by designation.

("Commissioner"), which denied her disability insurance benefits. West contends the administrative law judge ("ALJ") improperly discounted the weight of an examining physician's opinion and did not give sufficient reasons to reject West's testimony regarding her symptoms and limitations. We affirm in part and reverse in part.

We agree with West that the ALJ failed to give "specific and legitimate" reasons supported by substantial evidence for disregarding state agency examining physician Dr. Drinkwater's opinion in favor of the opinion of non-examining agency physician Dr. Farrell. *See Moore v. Comm'r of Soc. Sec.*, 278 F.3d 920, 924 (9th Cir. 2002). The ALJ's decision to give Dr. Drinkwater's opinion little weight appears based primarily on *x-rays* taken of West's spine in June 2008, which Dr. Farrell reviewed in October 2008. However, Dr. Drinkwater's opinion appears to have been based on a *MRI* of West conducted in February 2009, which he described as "very abnormal." These test results were not even available to Dr. Farrell in October, and the ALJ's opinion appears to either conflate the two test results or ignore the MRI entirely. We conclude that the ALJ's assessment of Dr. Drinkwater's opinion is not supported by substantial evidence. *See Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1202 (9th Cir. 2008) (a non-examining doctor's assessment by itself is not substantial evidence).

Contrary to West's assertion, however, the ALJ did provide "specific, clear and convincing reasons" for disregarding her subjective report of her limitations. *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008). The ALJ offered numerous specific reasons for finding West not fully credible regarding the extent and severity of her limitations, including a plethora of inconsistent statements West made to various doctors, her admission in testimony that she did not give Dr. Barry a full picture of her history in order to be a good candidate for bariatric surgery, her failure to follow treatment recommendations, and her failure to put forth a good effort at some examinations. *See id.* at 1039–40 (discussing the various factors an ALJ may consider in weighing a claimant's credibility).

Because we affirm in part and reverse in part, a remand for further proceedings is warranted. *Cf. Treichler v. Comm'r of Soc. Sec.*, 775 F.3d 1090, 1106 (9th Cir. 2014). We remand with instructions to the district court to remand this case to the Commissioner for further proceedings.

**AFFIRMED in part, REVERSED in part and REMANDED.** Each party shall bear their own costs.